Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DARYN ROGERS,<br><br>    Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS INC., TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC, and SYNAPSE CREDIT, LLC,<br><br>    Defendants. | **COMPLAINT**<br><br>*Jury Trial Demanded*<br><br>Case Number: 2:24-cv-00345-JCB<br>Magistrate Judge: Jared C. Bennett |

## INTRODUCTION

1. Plaintiff, Daryn Rogers, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Transunion"), Equifax Information Services, LLC ("Equifax") and Synapse Credit, LLC. ("Synapse") negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Defendants failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to conduct reasonable investigations in response to Plaintiff's disputes.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and

declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff, Daryn Rogers ("Plaintiff"), is a resident of the State of Utah and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

9. Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1)

of the FCRA, to third parties.

10. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

11. Defendant TransUnion, LLC ("Transunion") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12. TransUnion is a limited liability company with its principal place of business at 555 W. Adams Street, Chicago, IL 60661.

13. Defendant Synapse Credit, LLC ("Synapse") is a national lender with its principal place of business located in San Francisco, California.

**FACTUAL ALLEGATIONS**

14. This case relates to a SYNAPSE account maintained by Plaintiff, primarily his Yotta Financial credit card for which Defendant Synapse is the financial service partner.

15. Plaintiff's credit card is directly correlated to his bank account finances and requires mandatory auto-payment of any owed funds. On the 15th of each month at 6am, the full balance is automatically withdrawn from Plaintiff's account to pay off the card.

16. However, throughout 2023, an internal error by Yotta Financial and/or Synapse, the automatic payment on Plaintiff's account failed to extract $8.04, resulting in an "unpaid balance".

17. In or around September of 2023, Plaintiff noticed a number of late payment remarks

were being reported on his Synapse account. When Plaintiff discovered these errors, he contacted Yotta requesting that this be corrected.

18. On or about September 28, 2023, Plaintiff was informed via email that the error had been corrected and his payment had been successfully submitted, and that Yotta was continuing to work with Defendant Synapse to correct his credit reporting.

19. On or about October 11, 2023, a representative of Yotta indicated that Synapse had stated that his credit reporting had been corrected.

20. Despite this, as of November of 2023, Plaintiff discovered that the Synapse account was continuing to be reported with negative late payment notations in February of 2023, April of 2023 and May of 2023 with the major consumer reporting agencies Transunion, Equifax and Experian (collectively the "CRAs").

21. Accordingly, on or about December 28, 2023, Plaintiff sent disputes regarding this account via certified mail to Experian, Transunion, and Equifax, asserting that the account was inaccurate, explaining the nature of the automatic payments, and requesting that this information be removed and/or corrected.

22. Upon information and belief, SYNAPSE was notified of Plaintiff's disputes.

23. Following receipt of Plaintiff's disputes, Experian failed to conduct a reasonable investigation, correct or remove the inaccurate SYNAPSE account from the Plaintiff's credit file. Instead, Experian purported to have verified this information as accurate and as a result, that information is still being reported to this day.

24. Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

25. Similarly, TransUnion refused to investigate, correct or remove the SYNAPSE

Account from the Plaintiff's credit file. Instead, that information is still being reported to this day.

26. Upon information and belief, TransUnion had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

27. Equifax also refused to investigate, correct or remove the fraudulent Flaghsip account from the Plaintiff's credit file. Instead, that information is still being reported to this day.

28. Upon information and belief, Equifax had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

29. The CRAs and SYNAPSE were each notified of the respective disputes but refused to investigate and/or remove inaccurate reporting.

30. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

31. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

32. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

33. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on his credit score and the defamatory harm that Plaintiff has suffered as a result of having this fraudulent, negative information attributed to him and disseminated to creditors. For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

34. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

35. All preceding paragraphs are realleged.

36. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

37. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

38. On multiple occasions, including on or about December 28, 2023, Plaintiff initiated disputes with Experian requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging SYNAPSE account.

39. Upon information and belief, Experian received Plaintiff's previous disputes.

40. Experian, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate and outdated account on the Plaintiff's credit file, something that any basic investigation would have prevented.

41. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT II**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN**

42. All preceding paragraphs are realleged.

43. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

44. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate SYNAPSE account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

45. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

**COUNT III**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EQUIFAX**

46. All preceding paragraphs are realleged.

47. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

48. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

49. On multiple occasions, including on or about December 28, 2023, the Plaintiff initiated disputes with Equifax requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging SYNAPSE account.

50. Upon information and belief, Equifax received Plaintiff's previous disputes.

51. Equifax, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate and outdated account on the Plaintiff's credit file, something that any basic investigation would have prevented.

52. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff have been harmed, as explained above.

## COUNT IV
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EQUIFAX

53. All preceding paragraphs are realleged.

54. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

55. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate SYNAPSE account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

56. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT V
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST TRANSUNION

57. All preceding paragraphs are realleged.

58. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

59. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

60. On multiple occasions, including on or about December 28, 2023, the Plaintiff initiated disputes with Transunion requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging SYNAPSE account.

61. Upon information and belief, Transunion received Plaintiff's previous disputes.

62. Transunion, having either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate and outdated account on the Plaintiff's credit file, something that any basic investigation would have prevented.

63. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff have been harmed, as explained above.

## COUNT VI
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST TRANSUNION

64. All preceding paragraphs are realleged.

65. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

66. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate SYNAPSE account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

67. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT VII
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST SYNAPSE

68. All preceding paragraphs are re-alleged.

69. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

70. On or about December 28, 2023, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by SYNAPSE.

71. Upon information and belief, SYNAPSE received notice of these disputes from the credit bureaus.

72. SYNAPSE was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

73. Even after the Plaintiff properly disputed this account with the credit reporting agencies, SYNAPSE refused to conduct a reasonable investigation and continued inaccurately

reporting the fraudulent account on Plaintiff's credit report.

74. SYNAPSE's conduct violated section 1681s-2(b) of the FCRA.

75. As a result of SYNAPSE's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: May 15, 2024

By: /s/ Eric Stephenson
Eric Stephenson (9779)
STEPHENSON LAW FIRM
250 North Redcliffs Drive, 4B #254
Saint George, Utah 84790
Phone: (801) 386-5200
ericstephenson@utahjustice.com

*Attorney for Plaintiff*